No. 110.—DANIEL McNEILL, plaintiff in error, *vs.* HARVEY ROUSSEAU, defendant in error.

[1.] The answer to an interrogatory ought to be full, so as to meet every material thing in the interrogatory.

[2.] The defendant, on a plea of payment to a suit on a note, examined a witness, who said, "It" (the note) "was paid off by defendant to myself, in harness, when I had it in possession :" *Held*, that this answer did not show the witness interested for the defendant.

Debt, in DeKalb Superior Court. Tried before Judge BULL, April Term, 1856.

This was an action of defendant brought by Harvey Rosseau against Daniel McNeill, on a promissory note payable to John Bird or bearer. The defendant pleaded payment.

On the trial, defendant offered to read in evidence the testimony of ELIJAH S. BIRD, taken by interrogatories, to which testimony plaintiff objected, on the ground that the witness had not answered the 2d cross-interrogatory, which read as follows: "Give the date of said note and the credits,

if any are on it, and their date, and the amount of each credit;" the answer to the same being as follows : " I know nothing about the dates of the credit or the amount positively, but think the face of the note was for about one hundred dollars, and was reduced down forty or fifty dollars by the credit or credits."

The Court sustained the objection, ruled out the testimony and Counsel for defendant excepted.

Defendant then offered to read in evidence the answers of the same witness to another set of interrogatories previously sued out for him. To the admission of which plaintiff objected, on the grounds—

1st. Because the interrogatories had been ruled out at a former trial.

2d. Because the witness was interested, as appeared from his answer to the following interrogatory : " Was or was not said note ever paid off? If yea, by whom was it paid off? and to whom was the payment made? and who had said note in possession at that time ?" The answer of witness being, " It was paid off by defendant to myself, in harness, when I had it in possession."

The Court sustained the objection, and Counsel for defendant excepted.

The Jury found a verdict for the plaintiff for the amount of the note.

Whereupon, Counsel for defendant moved the Court for a new trial, upon the ground that the Court erred in rejecting the testimony of Elijah S. Bird.

The Court over-ruled the motion for a new trial, and Counsel for defendant excepted.

EZZARD & COLLIER, for plaintiff.

B. H. HILL, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

We agree with the Court below in thinking that the second:

cross-interrogatory was not fully answered by the witness, Bird.

[1.] The *date* of the note was a matter of some importance on the question of the identity of the note. The answer of the witness is silent as to the date of the note.

But we cannot agree with the Court, that the witness, Bird, was interested on the side of the party calling him, McNeill.

[2.] Bird was not in privity with either party to the suit. The verdict, therefore, let it have been on which side it might, could never have been used for or against Bird. And if this were not so, still, his interest is merely balanced; for if he should say that harness had been received by him from the maker of the note, in payment of the note, although he would relieve himself from the liability to the maker of the note to pay for the harness, yet, he would subject himself to a liability to the owner of the note, to pay him the amount of the note thus collected in harness; and if he should say that harness had not been received by him from the maker of the note in payment of the note, although he would relieve himself from any liability to the owner of the note to pay him the amount of the note on account of having collected it in harness, yet, he would leave himself subject to the maker of the note for the price of the harness. (See 1 *Phil. Ev.* 55, 56.)

We think, therefore, that for the exclusion of this witness there ought to be a new trial.